VAN VLECK ZALLER & ROBINSON LLP
    Damion D. D. Robinson (Cal Bar No. 262573)
6310 San Vicente Boulevard, Suite 430
Los Angeles, California 90048
Telephone:  (323) 592-3505
Facsimile:  (323) 592-3506
drobinson@vtzlaw.com

Attorneys for
JACQUELYNN G. PERSKE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>JENS LARSEN,<br><br>                  Debtor. | **Case No. 2:16-BK-18600-RK**<br><br>*Assigned to*:<br>The Honorable Robert Kwan<br><br>**CREDITOR JACQUELYNN G. PERSKE'S NOTICE OF OBJECTION AND OBJECTION TO EXEMPTIONS** |

**TO THE COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Creditor Jacquelynn G. Perske ("**Perske**") hereby objects to Schedule C to debtor Jens Larsen's ("**Debtor**") Chapter 7 Petition, and any exemptions claimed therein.  Perske files this objection to preserve her rights to object in the event that the Debtor contends that he has asserted exemptions pursuant to his Schedule C, although he does not appear to claim any exemptions at this time.

This objection is based on the records and files in this matter, including the Debtor's Petition and Schedules, as amended.  It is made on the following grounds:

1.    No exempt property is listed and no exemption is actually claimed. Debtor simply

checked the box in Schedule C for state and federal exemptions, but listed no specific exemption or property. Federal Rule of Bankruptcy Procedure 4003(a) requires the debtor to identify the specific property subject to a claimed exemption, and the basis for that exemption. *In re Clark*, 266 B.R. 163, 168 (9th Cir. BAP 2001) (quoting *Hyman v. Plotnik (In re Hyman)*, 967 F.3d 1316, 1319 n.6 (9th Cir. 1992), also citing *Seror v. Kahan (In re Kahan)*, 28 F.3d 79, 82 (9th Cir. 1994). A non-specific exemption, which fails to identify the property at issue or the basis, "is without legal effect." *In re Andermahr*, 30 B.R. 532, 533 (9th Cir. BAP 1983).

    2.    There is no exemption available for Debtor's scheduled property. Debtor lists as his only assets five thoroughbred racehorses and three foals, owned by one or more limited liability companies that he controls. Racehorses owned for investment or hobby purposes are not exempt assets under either state or federal law. *See* Cal. Civ. Proc. Code § 703.140(b)(3) (allowing exemption for household pets, "held primarily for the personal, family, or household use of the debtor or a dependent."); *see also*, *e.g.*, *In re Gallegos*, 226 B.R. 111, 112 (Bankr. D. Idaho 1998) ("Any attempt to abuse the exemption, *such as claiming a thoroughbred race horse as a pet*, is bridled not only by the 'personal use' requirement of the statute, but also by the $500 per item limitation.") (emphasis added); *In re Cass*, 104 B.R. 382, 385 (N.D. Okla. 1989) (finding that breeding studs owned by horse breeders were not within exemption for personal property).

    3.    Even to the extent that the California exemption applied, it would only exempt $600.00 in value per animal, or $4,800.00 total. *See* Cal. Civ. Proc. Code § 703.140(b)(3). Debtor claims the horses are worth at least $215,000. Neither state nor federal law would allow this level of exemption.

To the extent that the Debtor intends to assert an exemption based on Schedule C, Perske objects to such exemption on the grounds that is is not properly asserted, and that no exemption is applicable.

Dated: May 18, 2017                      Respectfully submitted,

                                            /s/ Damion D. D. Robinson

                                            Damion D. D. Robinson
                                            VAN VLECK ZALLER & ROBINSON LLP